IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE MOYE

**FILED**

CIVIL ACTION

v.

APR - 9 2012

No. 10-1681

BRIAN COLEMAN, et al.

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**Juan R. Sánchez, J.**                                                              **April 9, 2012**

Petitioner Wayne Moye, who is serving a five-to-ten-year sentence for robbery, theft by unlawful taking, receiving stolen property, simple assault, and recklessly endangering another person, raises eight objections to the Report and Recommendation (Report) issued by United States Magistrate Judge Timothy Rice, recommending Moye's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Upon *de novo* review of Moye's objections pursuant to 28 U.S.C. § 636, and for the reasons that follow, this Court overrules the objections, adopts the Report, and dismisses Moye's habeas petition.

## FACTS

On March 18, 2000, Elsie Baker was visiting Moye's sister at her apartment when Moye entered. While his sister was in the kitchen, Moye demanded money from Baker, and then grabbed her by her coat and threw her to the floor, bruising her knees. Upon hearing the commotion, Moye's sister called the police, but Moye left before they arrived. Baker later discovered $60 missing from her purse, which had been sitting on a coffee table in the same room as Baker at the time of the altercation. Baker admitted she did not see Moye take the money.

At the bench trial in the Pennsylvania Court of Common Pleas, Moye, then forty years old, denied the robbery. Moye testified he and Baker, then sixty-five years old, previously had a

relationship wherein Baker would give him money and gifts in exchange for sexual favors. Moye

testified Baker lied about the robbery because she was angry Moye left her for a younger woman.

Baker, who was married, denied the affair.

The trial court found Moye guilty of all charges. On October 24, 2000, the court sentenced

Moye to five to ten years of imprisonment, *see* Pa. Cons. Stat. § 1103(2), citing the nature of the

offense, the age of the victim, and the extent of Moye's criminal history. The Court ordered the

sentence be served consecutive to another sentence Moye was then serving.

Several appeals and collateral attacks on Moye's conviction and sentence followed, resulting

in numerous state court opinions. Moye timely appealed his sentence. Rather than ordering Moye

to outline the matters he intended to raise on appeal, the trial court filed an opinion "assum[ing] the

defendant's issues on appeal will be the sufficiency of the evidence and his waiver of a right to jury

trial." *See Commonwealth v. Moye*, No. 0004-0373, op. at 1 (Pa. Ct. Com. Pl. Jan. 17, 2001).

Moye's appellate brief, however, raised three ineffective assistance of counsel claims. On May 23,

2002, the Superior Court affirmed Moye's sentence, but remanded, instructing the trial court to

consider those issues actually raised by Moye in his appeal. The trial court, apparently

misunderstanding the Superior Court's order, instead held a resentencing hearing on January 21,

2003, wherein the court reimposed Moye's five-to-ten-year sentence, but elaborated on its reasons

for the sentence, again referencing Moye's extensive criminal history.

Moye timely appealed his resentencing. The Superior Court affirmed, and the Pennsylvania

Supreme Court denied Moye's petition for allowance of appeal. *See Commonwealth v. Moye*, No.

80 EAL 2004, Order (Pa. Aug. 17, 2004) (per curiam).

On April 18, 2005, Moye filed a counseled petition pursuant to Pennsylvania's Post

2

Conviction Relief Act (PCRA). On February 10, 2006, the PCRA court dismissed Moye's petition without a hearing. Moye again appealed, and the Superior Court remanded, directing the PCRA court to hold an evidentiary hearing on Moye's claim that trial counsel was ineffective for failing to present testimony from Moye's family members. The PCRA court held an evidentiary hearing spanning three days, in which eight witnesses testified, including Moye's trial counsel and family members. On February 29, 2008, the PCRA court denied Moye's petition. The Superior Court affirmed, and the Pennsylvania Supreme Court denied review. *See Commonwealth v. Moye*, No. 275 EAL 2009, Order (Pa. Feb. 24, 2010) (per curiam).

On April 12, 2010, Moye filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 asserting eight grounds for relief, and also requesting appointment of counsel and release on nominal bail. On March 23, 2011, Magistrate Judge Rice filed a Report and Recommendation, which addressed each claim raised by Moye, and recommended dismissal of Moye's petition. Moye timely filed eight objections to the Report. Finding each objection to be without merit or procedurally defaulted as set forth more fully below, this Court overrules Moye's objections.

**DISCUSSION**

Where a state prisoner's claims are properly before the federal habeas court, a writ of habeas corpus may be granted only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Yarborough v. Alvaredo*, 541 U.S. 652, 655 (2004). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court reached a conclusion on a question of law opposite to that reached by the Supreme Court, or if the state court decided a case differently than the Supreme Court on a set of materially

3

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identified the correct governing legal principle, but unreasonably applied it to the facts of the prisoner's case. *Id.* at 413.

Here, Moye raises eight objections to the Report. Each objection will be addressed in turn.

First, Moye twice requests counsel in his objections, arguing counsel is necessary to prevent a miscarriage of justice. Pet'r's Objections ¶¶ 1, 4. It is well-settled that "[t]here is no Sixth Amendment right to appointment of counsel in habeas corpus proceedings." *Williams v. Walsh*, No. 09-2479, 2011 WL 13657, at *1 (M.D. Pa. Jan. 4, 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)); *accord Wainwright v. Torna*, 455 U.S. 586, 587 (1982); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Nevertheless, a court may appoint counsel for a person financially unable to retain representation "whenever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(g). The court may consider such factors as the complexity of the factual and legal issues in the case, and the pro se petitioner's ability to present his claims. *Reese*, 946 F.2d at 264. In cases where the issues have been "narrowed," where the claims are "straightforward," or where the pro se prisoner demonstrates a sufficient understanding of the issues and ability to present them "forcefully and coherently," appointment of counsel is not necessary. *Id.* (internal citations omitted). Here, as set forth in the Report, Moye articulated his arguments "forcefully and coherently." He provided documents and transcripts from the state court proceedings in support of his petition, and amended his petition to include an omitted issue. In addition, there is no need for any further evidentiary hearings, as the record in this case contains eight written

4

decisions from the state courts, as well as transcripts for Moye's trial, sentencing, resentencing, and evidentiary hearings. The interests of justice do not require counsel be appointed in these circumstances. Consequently, Moye's objections based on his need for counsel lack merit.

Next, Moye objects to the Report on the ground his counsel at both the trial and appellate levels was ineffective for failing to "present[] issues at the right time or to the right court" and preserve challenges to Moye's sentence based on the trial court's inaccurate representation of his criminal history. Pet'r's Objections ¶ 2. Ineffective assistance of counsel claims are analyzed under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy *Strickland*, a defendant must demonstrate that his counsel was actually deficient, and that this deficiency prejudiced the defense. *Id.* at 687. To be considered deficient, counsel's performance must have fallen below "an objective standard of reasonableness" that is judged against "prevailing professional norms." *Id.* at 688. To demonstrate prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Id.* at 694. Pennsylvania applies the same test for ineffective assistance of counsel as the federal courts. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *Commonwealth v. Sneed*, 587 Pa. 318, 332 (2006), *abrogated on other grounds by Commonwealth v. Jones*, 597 Pa. 286 (2008).

Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). Thus, where the state court has addressed the petitioner's ineffectiveness claim, as was done here, the federal habeas court's review is limited to whether the state court's decision was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Jamison v. Klem*, 544 F.3d 266, 274 (3d Cir. 2008). Counsel cannot be ineffective for failing to raise a meritless claim. *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir.

5

2010).

Here, as set forth in the Report, the Superior Court determined Moye's ineffectiveness claim arising from his counsel's failure to preserve issues regarding his sentence was meritless because the trial court had adequately provided its reasoning for its deviation from the applicable guidelines range and imposition of a not-unreasonable sentence. The Superior Court noted Moye's sentence was based on his victim's age, lack of remorse, extensive criminal history (Moye had twenty-four arrests, five convictions, three probation violations, and the use of multiple aliases), and the results of a psychiatric evaluation conducted for the purposes of sentencing. The Superior Court's determination was neither contrary to, nor an unreasonable application of, *Strickland*, as the state courts did not apply any rules contradicting governing law, and it was not unreasonable for the Superior Court to conclude Moye's counsel were not ineffective. As a result, Moye's objection based on the ineffectiveness of his counsel lacks merit.

Moye also objects to the Report based on the trial court's mischaracterization of his criminal history. Pet'r's Objections ¶ 3. Moye argues when he was resentenced in 2003, the trial court proceeded on the mistaken belief that he had ten prior felony convictions. At his original sentencing, the trial court stated Moye had been convicted "at least ten times." Moye himself promptly corrected the record, however, and, at his resentencing, the trial court accurately summarized his criminal record during its explanation of Moye's sentence. Moreover, contrary to Moye's belief, his sentence was not based solely on his criminal history; the court considered other significant factors in imposing sentence, as set forth above. For these reasons, this objection is without merit.

Moye's fifth objection challenges the sufficiency of the evidence supporting his robbery conviction. Pet'r's Objections ¶ 5. The Superior Court concluded Moye's argument on this point

6

was meritless. As set forth in the Report, when reviewing a constitutional challenge to sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979). The inquiry is not whether the trier of fact made the correct determination, but whether it made a rational determination, thus precluding a federal habeas court from making a subjective determination on the petitioner's guilt or innocence. *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

Under Pennsylvania law, a person commits robbery if, "in the course of committing a theft, [that person] . . . inflicts bodily injury upon another or threatens another with or intentionally puts [her] in fear of immediate bodily injury." 18 Pa. Cons. Stat. § 3701(a)(1)(iv). The Superior Court observed the trial court's verdict was largely based on its finding that Moye's version of the events was not as credible as his victim's. The trial court found the following facts established Moye's guilt: Moye put Baker in fear of immediate bodily injury and inflicted such injury when he pushed her to the ground, bruising her legs; Moye demanded money from Baker; Moye and Baker were the only two people in the room at the time; prior to Moye's arrival at his sister's apartment, Baker had $60 in her purse; and after Moye left, the money was missing. The Superior Court properly deferred to the trial court's credibility determinations and, therefore, the Superior Court's rejection of Moye's sufficiency of the evidence challenge was not objectively unreasonable as the court properly concluded a rational trier of fact could find Moye committed robbery based on Baker's testimony. This objection also lacks merit.

Next, Moye objects to the Report's recommendation that his petition be dismissed on the basis that he is innocent. Pet'r's Objections ¶ 6. A petitioner is entitled to present evidence of actual

7

innocence in a habeas proceeding; however, to succeed on such a claim, the petitioner "must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented in his habeas petition." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004). When proceeding on an actual innocence claim, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324 (explaining claims of actual innocence are rarely successful, and stating mere protestations are insufficient to merit habeas review). As Moye has not presented any new exculpatory evidence, this objection is meritless.

Moye's last two objections to the Report are intertwined. Moye objects to the extent the Report seems to suggest the fact that evidence was allegedly withheld from Moye at trial "was no big deal," Pet'r's Objections ¶ 7, and to the Report's finding that his claims related to this withheld evidence were not raised in a timely manner, or not raised at all in state court, *id.* ¶ 8. As set forth in the Report, however, Moye's claims regarding withheld evidence, which were never presented in state court, are waived under Pennsylvania law, and are therefore procedurally defaulted.

Pursuant to § 2254, a federal court may not grant habeas relief to a state prisoner unless the prisoner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1); *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009); *Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007). To exhaust a claim, the prisoner must "fairly present" it to the state courts before bringing it in federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Nara*, 488 F.3d at 198 (explaining the inquiry is whether the legal theory and supporting facts of the claim were presented in state court). If a prisoner fails to exhaust a claim, i.e, does not "fairly present" a claim, and the state court would find the claim

procedurally barred, the claim is procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1; *McCandless*, 172 F.3d at 260.   "An adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)); *see also Coleman*, 501 U.S. at 750.   Under Pennsylvania law, an issue is waived if the prisoner "could have raised it but failed to do so before trial, at trial . . . on appeal or in a prior state postconviction proceeding." 42 Pa. Cons. Stat. § 9544(b).   State law waiver is an "independent and adequate state law ground[] that bar[s] federal habeas review." *Peterson v. Brennan*, 196 F. App'x 135, 142 (3d Cir. 2006).

Here, Moye's conviction became final on November 15, 2004, 90 days after the Pennsylvania Supreme Court denied Moye's petition for allowance of appeal.  Moye is now well beyond the one-year limitations period for filing an additional PCRA petition. *See* 42 Pa. Cons. Stat. § 9545(b)(1) (explaining all petitions, including second or subsequent petitions, must be filed within one year of the time when a conviction becomes final).  If the one-year time limitation expires and new information thereafter comes to light, there is an exception which allows a defendant to file an additional PCRA petition within 60 days of learning that new information. *See id.* § 9545(b)(2). Even assuming Moye's claims raised herein are based on facts not known to him at the time of trial, Moye had all of the information necessary to file a second petition by the conclusion of his November 2, 2007, PCRA hearing, and thus would have been required to file such a petition no later than January 2008. Because Moye failed to present his claims regarding withheld evidence in state court, and independent and adequate state law grounds now preclude state court review, Moye's

9

claims are procedurally defaulted.  Moye has likewise failed to show cause and prejudice sufficient for this Court to consider the merits of the procedurally defaulted claims.  *Harris*, 489 U.S. at 262.

Having reviewed and considered each of Moye's objections to the Report and Recommendation, and having determined each of those objections lacks merit or is procedurally defaulted, this Court overrules Moye's objections.  The Court will adopt the Report and dismiss Moye's habeas petition.

An appropriate order follows.

BY THE COURT:

Juan R. Sánchez, J.

10